IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02726-AP

Preston J. Keeler IV,

    Plaintiff,

v.

Carolyn W. Colvin,
    Acting Commissioner of Social Security,

    Defendant.

**JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES**

**1.  APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

*Pro se* Plaintiff:
Preston J. Keeler IV
2637 15th Avenue
Longmont, CO 80503
303-588-5532

For Defendant:
John F. Walsh
United States Attorney

J. Benedict García
Assistant United States Attorney
United States Attorney's Office
District of Colorado
J.B.Garcia@usdoj.gov

David I. Blower
Special Assistant United States Attorney
1961 Stout Street, Suite 4169
Denver, Colorado 80294-4003
303-844-1571
303-844-0770 (facsimile)
David.blower@ssa.gov

- 1 -

## 2.  STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

The Court has jurisdiction based on section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

## 3.  DATES OF FILING OF RELEVANT PLEADINGS

     **A.**     **Date Complaint Was Filed**: 10/4/13

     **B.**     **Date Complaint Was Served on U.S. Attorney's Office**: 10/7/13

     **C.**     **Date Answer and Administrative Record Were Filed**: 12/3/13

## 4.  STATEMENT REGARDING THE ADEQUACY OF THE RECORD

To the best of his knowledge, Plaintiff states that the record is NOT accurate.  He states as follows:

> AT THE TIME OF HIS ORIGINAL DECISION, the ALJ DID NOT HAVE in his possession ALL of the medical proof included in the record verifying plaintiff's medical diagnosis since 1984 of Chronic Fatigue Syndrome with Immune Dysfunction and the Epstein Barr Virus. These records are included in the original document but were obtained and sent as PART OF THE APPEAL to the ALJ's ORIGINAL DENIAL.
>
> The actual medical records had been destroyed and the plaintiff's medical history and diagnosis had to be rebuilt through other paper trails included in his different schools' medical records, attendance records, and guidance counselor records verifying his ongoing health problems and challenges in functioning on a consistent, regular daily basis over the years. Two different MDs' [sic] written diagnosis of Chronic Fatigue Syndrome with Immune Dysfunction and Epstein-Barr virus are also included in these records.  These Doctors were from Long Island, New York and Westport, Massachusetts.
>
> This is important as the ALJ's "assumptions" in his decision was written with a very unprofessional, condescending tone, referring to the plaintiff's and his family's "incredible" claims and citing ALL of the medical statements, testimonies, tests, and three Residual Function Capacity tests by medical professionals as "unreliable" and were summarily dismissed.

Defendant states that, under 42 U.S.C. § 405(g), the evidence on appeal is limited to the

"transcript of the record" prepared and certified by the agency, which contains only the "the evidence upon which the findings and decision complained of are based." To the best of her knowledge, Defendant states that the record is complete and accurate.

### 5.   STATEMENT REGARDING ADDITIONAL EVIDENCE

Plaintiff states: "[d]ue to new technology now available since this legal process started, Plaintiff is anticipating proof of additional tick born illnesses that are verifiable now, that he may also have contracted in 1984 when he contracted Lyme's disease, but went undiagnosed until 2006. Those results may not be available until the end of February, 2014."

Defendant reiterates that under 42 U.S.C. § 405(g), the evidence on appeal is limited to the "transcript of the record" prepared and certified by the agency, which contains only the "the evidence upon which the findings and decision complained of are based." Accordingly, Defendant reserves the right to oppose any motion to supplement the record.

### 6. STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES

Plaintiff states:

> This case does not fit into any regular "box or category" normally used by Social Security Disability. It is not based on an acute incident. Plaintiff was diagnosed with two long term debilitating diseases that have had a cumulative affect and taken their toll over the last 29 years, resulting in the plaintiff's current inability to work or function consistently on a daily basis.. The plaintiff's current state of disability is the result of "mystery illnesses" contracted in one week from a vaccine and a tick bite at age 13, in 1984, on Long Island, NY. He immediately got sick and has never fully recovered. He missed years of school, it ended his college and ultimately affected his ability to work.

Defendant states that this case does not raise unusual claims or defenses.

### 7. OTHER MATTERS

Plaintiff states:

> One of the original rules for this case to be reviewed under was: The Administrative Law Judge appears to have abused his or her discretion.
>
> By denying the plaintiff's case based on "re-quoting" a Social Security  Department Doctor who "quoted the Wikipedia" as

> evidence and reason for rejecting and denying my case, the ALJ is showing severe lack of jurisprudence, at the least. The Wikipedia CLEARLY states their information is not peer reviewed, has disclaimers for any Medical, or Legal content and states "all information included in it is without any implied warranty of fitness for any purpose or use whatsoever."
>
> This also reflects the SSMD's medical opinion as not valid.  The ALJ's reference to the Wikipedia along with the defaming and libeling of ALL of the plaintiff's doctors and medical professionals as "unreliable", show BIAS and puts him at risk of legal repercussions from those individuals.  In official court documents the ALJ has publicly declared these different professionals and their practices as, "unreliable."

Defendant states that there are no other matters.

## 8. BRIEFING SCHEDULE[1]

    **A.**    **Plaintiff's Opening Brief Due**: 3/5/14

    **B.**    **Defendant's Response Brief Due**: 4/9/14

    **C.**    **Plaintiff's Reply Brief (If Any) Due**: 5/5/14

## 9. STATEMENTS REGARDING ORAL ARGUMENT

    **A.**    **Plaintiff's Statement:** Plaintiff does not request oral argument.

    **B.**    **Defendant's Statement:** Defendant does not request oral argument.

## 10. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE

*Indicate below the parties' consent choice*.

    **A.**    **(  )  All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

    **B.**    **( X )  All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

---

[1] Plaintiff has requested a briefing schedule that departs from the usual briefing schedule, in which his brief is due 40 days after the JCMP.  The Commissioner does not oppose his request.

**11.  AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE <u>MOVING ATTORNEY'S</u> <u>CLIENT</u>, ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

***The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of <u>good cause</u>.***

DATED this 27th  day of December, 2013.

                                                BY THE COURT:

                                                ***s/John L. Kane***
                                                U.S. DISTRICT COURT JUDGE

APPROVED:

                                                John F. Walsh
                                                United States Attorney

s/[2]
2637 15th Avenue.
Longmont, CO 80503
303-588-5532
*Pro se* Plaintiff

**By:** s/ *David I. Blower*
Special Assistant U.S. Attorney
1961 Stout Street, Suite 4169
Denver, CO 80294-4003
303-844-1571
303-844-0770 (facsimile)
David.blower@ssa.gov
Attorneys for Defendant

---

[2] A scanned pdf version of the Joint Case Management Plan, which was filed, includes Plaintiff's ink signature.